## Anna Weiderhold et al., Appellees, v. George Mathis, Appellant. William Meyer et al., Defendants.

### Gen. No. 6,266.   (Not to be reported in full.)

Appeal from the City Court of Sterling; the Hon. CARL E. SHELDON, Judge, presiding. Heard in this court at the April term, 1916. Affirmed in part and reversed in part. Opinion filed February 10, 1917.

### Statement of the Case.

Suit by Anna Weiderhold, Edith Gerber, Christina Schumacher, Emma Kurfiss, Alfred Kurfiss, Charles Kurfiss, Matilda Speer, Harold Kurfiss, Eva Kurfiss and Zelma Kurfiss, heirs of the body of John Kurfiss, deceased, complainants, against George Mathis, as trustee, and William Meyer, Lena Meyer, Carrie Lehman, Daniel Lehman, William Vetter, Lena Vetter, Louisa Eshelman, Aaron Eshelman, Michael Vetter, Fredericka Kurfiss, and the heirs at law of Gottlieb Vetter, deceased, defendants, for accounting by the defendant George Mathis as trustee for said John Kurfiss, deceased, under the last will of Carl F. Kurfiss, deceased. From a decree that the defendant George Mathis pay into court $975, with interest, as balance due on accounting, less $50 allowed him as compensation for his services as trustee, defendant George Mathis appeals.

By the will the defendant George Mathis was devised in trust for the testator's son, said John Kurfiss, deceased, the son's share in the testator's estate, with directions to pay the interest thereon to the son annually during the son's life and at his death to pay such share to the son's heirs, share and share alike, and that whenever a home could be safely secured the trustee was to so invest the trust estate, provided the home could be secured "so as to be entirely without in-

cumbrance,'' in which case it was to be deeded to the son and the trust ended. The trustee received as such trustee $2,342.52. He entered into a written contract with Gottlieb Vetter for the purchase of a home for said John Kurfiss for $1,500, paying $300 cash and agreeing to pay the balance in instalments or six months after the death of said Vetter, the contract containing other provisions as to payment and a provision that the property should be deeded to said John Kurfiss or his heirs. Said John Kurfiss and his family took possession of the property and remained there up to his death. The trustee paid $1,052.25 from the trust fund on the purchase, also $450 to said John Kurfiss for repairs, remodeling and improvements on the place.

Jacob Cantlin, for appellant.

Philip H. Ward, for appellees.

Mr. Presiding Justice Niehaus delivered the opinion of the court.

### Abstract of the Decision.

1. Trusts, § 221*—*what are proper charges against trust estate in suit for accounting by trustee.* Where the trustee of a certain fund, with power to invest same in a home for the beneficiary of such fund provided such home could be secured so as to be entirely clear of incumbrance, purchased a home in good faith on partial payments and expended money in its repair, improvement and remodeling, *held* that the amount agreed to be paid for the home together with the amounts paid out for repairing, improving and remodeling came within the purchasing power of the trust fund and were proper charges against it, in a suit for accounting brought against the trustee by the heirs of the beneficiaries.

2. Trusts, § 263*—*when trustee is not in default in making settlement with heirs.* Where the beneficiary of a trust fund died leaving adult and several minor heirs, *held* that the trustee of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Weiderhold v. Mathis, 204 Ill. App. 3.

such fund would not be in default because he did not make settlement and accounting with the heirs immediately after the death of such beneficiary, where the adult heirs could not enforce such settlement and accounting without having a guardian appointed for the minor heirs, and they failed to do so.

3. TRUSTS, § 226*—*when accumulated interest of trust fund is properly applied in payment of debts of beneficiary to trustee.* Where the beneficiary of a trust fund died leaving certain notes held by the trustee of such fund given by such beneficiary for family necessaries provided by the trustee in lieu of interest payments on the trust estate to which the beneficiary was entitled, *held* that the accumulated interest on said fund should be applied to the liquidation of said notes, upon a bill for accounting brought against the trustee by the heirs of the beneficiary.

4. TRUSTS, § 209*—*when question of compensation of trustee is within discretion of court.* The question of compensation for a trustee's services, not provided for in the trust instrument, is a matter addressed to the sound discretion of the trial judge in a suit for an accounting.

5. TRUSTS, § 218*—*when discretion of trial court is not abused in fixing compensation of trustee.* Where the trustee was shown to have been somewhat negligent and irregular in carrying out his trust but without loss to the trust estate, *held* that a reviewing court would not be warranted in saying the trial court had abused its discretion in fixing such compensation at $50 instead of $150, claimed in such suit.

6. COSTS, § 261*—*when charged against trust estate or apportioned.* Costs on a bill for accounting filed by the heirs of the beneficiary of a trust estate against the trustee, *held* properly chargeable against such estate, and the costs on an appeal in such suit taken by the trustee should be equally divided.

---

*See **Illinois Notes Digest**, Vols. **XI** to **XV**, and **Cumulative Quarterly**, same topic and section number.